**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 04-40095-01-RDR**

DEON D. BUCKNER,

        Defendant.

## MEMORANDUM AND ORDER

The court sentenced the defendant on August 11, 2005. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea of guilty to possession with intent to distribute approximately 12.81 grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). The defendant originally raised two objections to the presentence report. One of the objections was resolved in his favor. The court shall now consider the remaining objection.

The defendant objects to the denial of a three-level reduction for acceptance of responsibility. Acceptance of responsibility was denied because the probation officer determined that the defendant had been involved in further criminal activity while on pretrial release in this case. The defendant denies he was involved in further criminal activity

while on pretrial release.  The government has suggested that "when all . . . factors are balanced, the defendant should be given acceptance of responsibility."

The defendant was arrested in the instant case on November 30, 2004.  He was subsequently released by the magistrate on a $25,000 unsecured bond with pretrial services supervision conditions.  On March 5, 2005 he was arrested on charges of sale of cocaine and conspiracy to sell cocaine.  Thereafter, the defendant's bond was revoked and he was remanded to custody pending further proceedings.  The defendant has since been indicted in this court and charged with three counts of distribution of crack cocaine with the sales allegedly occurring on January 19, 2005, January 27, 2005, and February 24, 2005.  The defendant entered a guilty plea to the instant charge on April 4, 2005.

The Guidelines authorize the sentencing court to grant a two- or three-step decrease in offense level to a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). It is the defendant's burden to demonstrate that he is entitled to the acceptance of responsibility reduction.  United States v. Quarrell, 310 F.3d 664, 682 (10th Cir. 2002).  Entry of a plea of guilty does not assure a defendant of such a reduction.  U.S.S.G. § 3E1.1, n. 3

2

("defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right").  One important consideration in determining whether to grant the adjustment is whether the defendant shows "voluntary termination or withdrawal from criminal conduct or associations."  Id., n. 1(b).  The court may deny such credit if it determines that the defendant has engaged in continued criminal conduct.  United States v. Swanson, 253 F.3d 1220, 1224-25 (10th Cir. 2001).

The defendant has not met his burden of demonstrating that he is entitled to acceptance of responsibility.  The court finds that the defendant did engage in criminal conduct after his arrest.  The court determines that the defendant is not entitled to acceptance of responsibility as a result of this conduct.  See, e.g., United States v. Futrell, 205 F.3d 1342, 1999 WL 777685 (6th Cir. 1999) (continued criminal activity after defendant was indicted but before he entered guilty plea disqualified him from acceptance of responsibility reduction); United States v. Terry, 139 F.3d 896, 1998 WL 85398 ((4th Cir. 1998) (defendant's continued criminal conduct while released on bond is inconsistent with acceptance of responsibility).  Accordingly, the defendant's objection is denied.

With this ruling, the defendant's offense level is 26 and his criminal history category is I.  These determinations

3

provide a Guideline range of 63 to 78 months.  Having carefully consulted the application of the Guidelines and taken them into account, the court has decided that the appropriate sentence for this case is 60 months.  The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.  Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge